# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TYREZ BOYD,

                Petitioner,      :      Case No. 3:20-cv-265

    - vs -                                   District Judge Walter H. Rice
                                             Magistrate Judge Michael R. Merz

WARDEN,
  Lebanon Correctional Institution,

                                      :
                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action pursuant to 28 U.S.C. § 2254[1], brought *pro se* by Petitioner Tyrez Boyd, is before the Court for initial review pursuant to Rules 4 of the Rules Governing § 2254 cases. That rule provides:

> [T]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

As with all habeas corpus cases filed at the Dayton location of court[2], the case is referred to the undersigned for report and recommendations under General Order Day 13-01. Ultimate

---

[1] Although Boyd filed his Petition on the form provided by the Judicial Conference for habeas corpus actions under 28 U.S.C. § 2241, Magistrate Judge Karen L. Litkovitz correctly interpreted it as an attack on Boyd's state court conviction which is properly brought under 28 U.S.C. § 2254 (ECF No. 2).

[2] Although Boyd filed his Petition in Cincinnati, Magistrate Judge Litkovitz ordered it transferred to Dayton because the underlying conviction occurred in a county served by the Dayton location of court. *Id.*

1

decision of the case remains with District Judge Rice.

Boyd reports that he was convicted in the Court of Common Pleas of Clark County, Ohio, and sentenced May 24, 2018 (Petition, ECF No. 1, PageID 1). He appealed to the Ohio Second District Court of Appeals which affirmed his conviction and sentence. *State v. Boyd,* No. 2018-CA-68, 2019-Ohio-1902 (Ohio App. 2nd Dist. May 17, 2019). Boyd did not timely appeal to the Supreme Court of Ohio; when he sought a delayed appeal, he was turned down on February 4, 2020. *State v. Boyd,* 157 Ohio St. 3d 1561, 2020-Ohio-313. He does not report any other attempts at state court remedies, but filed his Petition here on June 26, 2020.[3]

Boyd pleads the following grounds for relief:

> **Ground One:** Maximum Sentence to a First Time Offender
>
> **Supporting Facts:** Forty-two years
>
> **Ground Two:** Manifest Weight of the Evidence
>
> **Supporting Facts:** No DNA on cap that suspect wore. Admitted to being cohersed [sic] on stand.
>
> **Ground Three:** Ally [sic] Offenses.
>
> **Supporting Facts:** All agg. robberies have elements of kidnapping or abduction.
>
> **Ground Four:** Double Jeopardy
>
> **Supporting Facts:** Two indictments for same case under different case numbers.

(Petition, ECF No. 1, PageID 6-7).

---

[3] Because Boyd did not timely appeal to the Supreme Court of Ohio, his conviction became final on the last day he could have done so, forty-five days after the decision of the Second District, or July 2, 2019. S.Ct.Prac.R. 6.01(A)(1). He claims he deposited his Petition in the prison mail system on June 9, 2020 (Petition, ECF No. 1, PageID 8). But even if the Court counted the postmark date of June 24, 2020, Boyd's Petition would still be filed within the one-year statute of limitations.

# Analysis

**Ground One:  Imposition of Maximum Sentence on a First-Time Offender**

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248, 253 (6th Cir. 2018) (Thapar, J., concurring in part).

As a *pro se* litigant, Boyd is entitled to a liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  Applying Haines, the Magistrate Judge reads Ground One as raising a claim that his sentence is disproportionate to his crime in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.  The Supreme Court set the standard for such claims in *Harmelin v. Michigan:*

> The Eighth Amendment proportionality principle also applies to noncapital sentences. In *Rummel v. Estelle,* 445 U.S. 263, 63 L.Ed.2d 382, 100 S.Ct. 1133 (1980), we acknowledged the existence of the proportionality rule for both capital and noncapital cases, *id*., at 271-274, and n. 11, but we refused to strike down a sentence of life imprisonment, with possibility of parole, for recidivism based on three underlying felonies. In *Hutto v. Davis*, 454 U.S. 370, 374, 70 L.Ed.2d 556, 102 S.Ct. 703, and n. 3 (1982), we recognized the possibility of proportionality review, but held it inapplicable to a 40-year prison sentence for possession with intent to distribute nine ounces of marijuana. Our most recent decision discussing the

> subject is *Solem v. Helm*, 463 U.S. 277, 77 L.Ed.2d 637, 103 S.Ct. 3001 (1983). There we held that a sentence of life imprisonment without possibility of parole violated the Eighth Amendment because it was "grossly disproportionate" to the crime of recidivism based on seven underlying nonviolent felonies. The dissent in *Solem* disagreed with the Court's application of the proportionality principle but observed that in extreme cases it could apply to invalidate a punishment for a term of years. Id., at 280, n. 3. See also *Hutto v. Finney*, 437 U.S. 678, 685, 57 L. Ed. 2d 522, 98 S. Ct. 2565 (1978) (dicta); *Ingraham v. Wright*, 430 U.S. 651, 667, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (dicta).

501 U.S. 957, 997-998 (1991) (Kennedy, J., concurring in part). The United States Court of Appeals for the Sixth Circuit "adheres to the 'narrow proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*." *United States v. Young,* 847 F.3d 328, 363 (6th Cir. 2017), citing *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994).

Boyd made a claim that his sentences violated Ohio statutes on sentencing which embody principles of Eighth Amendment proportionality. The Second District rules as follows:

> {¶ 25} The fourth assignment of error alleges:
>
> BOYD'S SENTENCE IS TOO LONG IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.
>
> Boyd contends that the trial court erred by ordering him to serve several of the sentences consecutively. He also contends that the court erred by imposing a third consecutive firearm-specification sentence.
>
> {¶ 26} "R.C. 2953.08(G)(2) requires an appellate court to review the entire record to determine if the sentence is contrary to law, and to evaluate whether the record clearly and convincingly does not support the statutory findings required to impose consecutive sentences. If the 'reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences

4

should be upheld.'" *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 13, quoting *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. This is an "extremely deferential standard of review." *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31.

{¶ 27} Boyd contends that ordering him to serve the sentences on the underlying felony counts consecutively was not supported by the record. He says that the trial court improperly found that the events constituted a course of conduct.

{¶ 28} "[B]ecause R.C. 2929.41(A) creates a presumption in favor of concurrent sentences for most felony sentences, our review of the record must determine whether the presumption was overcome by the trial court's findings set forth in R.C. 2929.14(C)(4)." (Citation omitted.) *Kay* at ¶ 15. R.C. 2929.14(C)(4) permits a court to require that an offender serve prison terms consecutively if the court finds that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one of the circumstances described in division (C)(4)(a), (b) or (c) is present.

{¶ 29} Here, the trial court made the required consecutive-sentence findings, including the circumstance in division (C)(4)(b) that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." We have said that "course of conduct" "may be established by factual links including time, location, weapon, cause of death or similar motivation." *Kay* at ¶ 19, citing *State v. Short,* 129 Ohio St. 3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 144. We think that Boyd's crimes in this case were plainly committed as part of one course of conduct—he kidnapped the victims precisely in order to steal drugs from the pharmacy. We note too that the trial court found that the victims of the offense "suffered serious psychological harm as a result of [these] offenses." (Sentencing Tr. 29). Consecutive sentences are not unsupported by the record in this case.

*Boyd*, 2019-Ohio-1902. Although Boyd did not expressly mention the Eighth Amendment, he did claim his sentence was unconstitutional, not just a violation of the Ohio sentencing statutes. The

5

Second District did not mention the Eighth Amendment or any other portion of the Federal Constitution in deciding this Assignment of Error. Nevertheless, because a constitutional claim was squarely presented, this Court must treat the Second District's decision as deciding that claim on the merits. *Harrington v. Richter*, 562 U.S. 86 (2011).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Richter*, 562 U.S. 86; *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Second District's decision here is not an objectively unreasonable application of the Supreme Court precedent cited above. If forty years is not an unconstitutional sentence for possession of nine ounces of marijuana, *Hutto*, 454 U.S. at 374, then forty-two years is hardly disproportionate for kidnapping seven pharmacy employees at gunpoint in order to steal a large quantity of drugs undoubtedly more deleterious when abused than is marijuana.

Boyd's First Ground for Relief should therefore be dismissed on the merits.

**Ground Two: Manifest Weight of the Evidence**

In his Second Ground for Relief, Boyd asserts his conviction is against the manifest weight of the evidence, because none of his DNA was recovered from the cap he was wearing and he

6

apparently testified that he was coerced into committing the crime.

A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986). Under a weight of the evidence standard, the appellate court sits as a thirteenth juror and re-weighs the evidence. A federal habeas corpus court is not permitted to re-weight the evidence in this fashion.

On appeal Boyd claimed in his second assignment of error that there was insufficient evidence to convict. The Second District considered his insufficiency and manifest weight claims together

> {¶ 20} Boyd argues that the evidence was insufficient to prove that he was the one who committed the crimes and that his convictions were against the manifest weight of the evidence.
>
> {¶ 21} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. After reviewing the evidence in the light most favorable to the prosecution, the reviewing court must determine if "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "[I]n a review of the sufficiency of the evidence, the court does not engage in a determination of the witnesses' credibility." *State v. Goff*, 82 Ohio St.3d 123, 139, 1998-Ohio-369, 694 N.E.2d 916 (1998).
>
> {¶ 22} In contrast, when an appellate court considers a manifest-weight-of-the-evidence challenge, "'[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997- Ohio 52, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717 (1st Dist. 1983).

> {¶ 23} The evidence presented at trial left little doubt that Boyd was one of the perpetrators. The victims and the police officer who responded all identified Boyd as the person who robbed the pharmacy and tied up the victims. Officer Jenkins, who initially saw him running through the pharmacy with the bag of drugs and then chased him on foot, identified Boyd at the scene and in court. The clothes that Boyd was wearing when he was booked into jail matched the clothes that the perpetrator was wearing in the security video and video stills. Also, all seven victims identified him as the person who robbed the store and tied them up. Finally, Boyd's fingerprints were found on the bag of recovered drugs. That the jury believed all this evidence over Boyd's testimony that he was not the perpetrator is not surprising. In this case, the sufficiency and manifest weight of the evidence were not close questions.
>
> {¶ 24} The second and third assignments of error are overruled.

*Boyd*, 2019-Ohio-1902.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

8

Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, "deference should be given to the trier[-]of-fact's verdict under *Jackson*," and then to the appellate court's "consideration of that verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008); *accord*: *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (*en banc*). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (*per curiam*). And

9

> second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*); *Parker*, 567 U.S at 43.  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

In sum, read as a manifest weight claim, Boyd's Second Ground is not cognizable in habeas at all.  Read as an insufficient evidence claim, it received a decision from the Second District which is entitled to deference from this Court because it is neither an unreasonable application of *Jackson* nor an unreasonable determination of the facts based on the evidence produced.

**Ground Three:  Robbery, Kidnapping and Abduction are Allied Offenses of Similar Import**

In his Third Ground for Relief, Boyd claims his offenses of conviction are allied offenses of similar import.  Under Ohio Revised Code § 2941.25, such allied offenses are to be merged after the jury returns a verdict.  Boyd did not raise this claim on appeal to the Second District, but as that court pointed out, there were seven counts of kidnapping.  *Boyd*, 2019-Ohio-1902 at ¶ 2. These were not allied offenses of similar import because there were seven different victims.  Under some circumstances, Ohio law requires the merger of robbery and kidnapping offenses, but because Boyd did not raise this claim on appeal, this Court does not have the benefit of the Second District's reasoning on the question.

In any event, to the extent Ohio Revised Code § 2941.25 is intended to protect the same interests as the Double Jeopardy Clause, robbery and kidnapping do not count as the same crime

10

under double jeopardy analysis because each crime has an element not found in the definition of the other. The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other[.]" *United States v. Dixon*, 509 U.S. 688, 696 (1993), citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Boyd's Third Ground for Relief does not state a claim upon which habeas corpus relief can be granted.

**Ground Four: Double Jeopardy**

In his Fourth Ground for Relief, Boyd claims his rights under the Double Jeopardy Clause were violated because the grand jury returned two separate indictments under the same case number.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

As the Second District noted, the relevant facts are that:

> {¶ 2} Boyd was charged in 2017 with one count of aggravated robbery and six counts of kidnapping, all felonies of the first degree. He was charged in 2018 with an additional count of kidnapping and one count of aggravated trafficking in drugs, both first-degree felonies, and eight counts of aggravated possession of drugs, all

11

> second-degree felonies. Each of the counts in both cases included a 3-year firearm specification. The two cases were consolidated and tried to a jury.

*Boyd*, 2019-Ohio-1902. The reason for separate indictments is not recited, but it could easily have been the need to wait for crime lab analysis of the drugs before taking the drug counts to the grand jury.

Regardless of the reasons for the separation, it did not involve any violation of the Double Jeopardy Clause. All of the charges arose out of the same robbery incident. There is no indication that the second indictment included any of the same offenses as the first indictment. And the Double Jeopardy Clause is not concerned with what case numbers the states assign to various criminal matters. Boyd's fourth ground for relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition in this case be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 30, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.